Andrew C. Schwartz (State Bar No. 64578)
Adam M. Carlson (State Bar No. 257795)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131
schwartz@cmslaw.com
carlson@cmslaw.com

Karen L. Snell (State Bar No. 100266)
Attorney at Law
102 Buena Vista Terrace
San Francisco, CA 94117
Telephone: (415) 225-7592
Facsimile: (415) 487-0748
ksnell@snell-law.com

Attorneys for Plaintiffs MARCUS HURT,
CARLY MAGNUS and CREIGHTON HURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS HURT, CARLY MAGNUS and CREIGHTON HURT,<br><br>Plaintiffs,<br><br>vs.<br><br>CONTRA COSTA COUNTY SERGEANT DAVID ADAMS, CONTRA COSTA COUNTY SHERIFF'S DEPUTIES A. CONIGLIO, THOMAS HENDERSON, JEFF JACKSON, J. KIRKHAM, DAVID LONDONO, TYLER NELSON, KATIE RHOE, A. ROSSI and TRAVIS WRANGHAM, LAFAYETTE POLICE SERGEANT D. NUGENT, LAFAYETTE POLICE OFFICERS BRAD IMHOFF and B. PARKER, SAN RAMON POLICE OFFICER FNU BRUCE, B. D., a minorm, N. M., a minor, and B. S., a minor, and DOES 1-100,<br><br>Defendants. | CASE NO.: C15-05223 JCS<br><br>**COMPLAINT FOR DAMAGES**<br>**(Violation of Civil Rights)**<br><br>JURY TRIAL DEMANDED |

\\\

---

*Hurt vs. Contra Costa County Sheriff Sergeant Adams, et al.* Case No C15-05223 JCS    Page 1
COMPLAINT FOR DAMAGES

**JURISDICTION AND VENUE**

1. This complaint alleges, among other claims, violations of the constitutional rights of plaintiffs MARCUS HURT, CARLY MAGNUS and CREIGHTON HURT by defendants CONTRA COSTA COUNTY SHERIFF'S SERGEANT DAVID ADAMS, CONTRA COSTA COUNTY SHERIFF'S DEPUTIES A. CONIGLIO, THOMAS HENDERSON, JEFF JACKSON, J. KIRKHAM, DAVID LONDONO, TYLER NELSON, KATIE RHOE, A. ROSSI and TRAVIS WRANGHAM, LAFAYETTE POLICE SERGEANT D. NUGENT, LAFAYETTE POLICE OFFICERS BRAD IMHOFF AND B. PARKER, SAN RAMON POLICE OFFICER FNU BRUCE and DOES 1 through 100. This complaint seeks remedies pursuant to Title 42, United States Code, sections 1983 and 1988. Jurisdiction over plaintiffs' civil rights claims is conferred upon the United States District Court by Title 28, United States Code, sections 1331 and 1343. Jurisdiction over plaintiffs' state law negligence claims against defendants B.D., a minor, N.M., a minor, and B.S., a minor, is conferred upon the United States District Court by Title 28, United States Code, section 1367.

2. The actions giving rise to defendants' liability, as alleged in this complaint, occurred in the County of Contra Costa, State of California. Venue is therefore proper in the United States District Court for the Northern District of California pursuant to Title 28, United States Code, section 1391(b), and Northern District Civil Local Rule 3-2.

**IDENTIFICATION OF PARTIES**

3. At all times material to this complaint, plaintiffs MARCUS HURT, CARLY MAGNUS and CREIGHTON HURT were residents of Contra Costa County, California, and of full age.

4. At all times material to this complaint, defendant DAVID ADAMS was a SERGEANT in the Office of the SHERIFF, CONTRA COSTA COUNTY. In committing the acts and omissions alleged in this complaint, defendant DAVID ADAMS was acting under color of law and within the course and scope of his employment as a SERGEANT of the CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT. Defendant DAVID ADAMS is sued in his individual capacity.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

5. At all times material to this complaint, defendants A. CONIGLIO, THOMAS HENDERSON, JEFF JACKSON, J. KIRKHAM, DAVID LONDONO, TYLER NELSON, KATIE RHOE, A. ROSSI and TRAVIS WRANGHAM were DEPUTIES in the Office of the SHERIFF, CONTRA COSTA COUNTY. In committing the acts and omissions alleged in this complaint, these defendants were acting under color of law and within the course and scope of their employment as DEPUTIES of the CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT. These defendants are sued in their individual capacities.

6. At all times material to this complaint, defendant D. NUGENT was a SERGEANT of the LAFAYETTE POLICE DEPARTMENT in Contra Costa County, California. In committing the acts and omissions alleged in this complaint, SERGEANT NUGENT was acting under color of law and within the course and scope of his employment as a SERGEANT of the LAFAYETTE POLICE DEPARTMENT. Defendant NUGENT is sued in his individual capacity.

7. At all times material to this complaint, defendants B. PARKER and BRAD IMHOFF were OFFICERS of the LAFAYETTE POLICE DEPARTMENT in Contra Costa County, California. In committing the acts and omissions alleged in this complaint, these defendants were acting under color of law and within the course and scope of their employment as OFFICERS of the LAFAYETTE POLICE DEPARTMENT. These defendants are sued in their individual capacities.

8. At all times material to this complaint, FNU BRUCE was a K-9 OFFICER of the SAN RAMON POLICE DEPARTMENT. In committing the acts and omissions alleged in this complaint, K-9 OFFICER BRUCE was acting under color of law and within the course and scope of his employment with SAN RAMON POLICE DEPARTMENT. K-9 OFFICER BRUCE is sued in his individual capacity.

9. At all times material to this complaint, defendant B. D., a minor, was a 15-year-old resident of Contra Costa County, California.

10. At all times material to this complaint, defendant N. M., a minor, was a 16-year-old resident of Contra Costa County, California.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

11. At all times material to this complaint, defendant B. S., a minor, was a 15-year-old resident of Contra Costa County, California.

12. Plaintiffs are ignorant of the true names and capacities of defendants DOES 1 through 100, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as described in this complaint. Plaintiffs will amend their complaint to state the true names and capacities of defendants DOES 1 through 100 when they have been ascertained. Any reference in this complaint to "defendant," "defendants," or to an individually-named defendant also refers to defendants DOES 1 through 100.

13. Each defendant sued in this complaint acted as the agent or employee of every other defendant.

## FACTS GIVING RISE TO THE COMPLAINT

14. On November 15, 2013, Defendants B. D., N. M., and B. S. devised a scheme to convince a 14 year old girl, B. R., a minor, that B.D. was the victim of a home invasion and an assault. They did this because B. R. had been "bothering them" and had asked B. D. to "Facetime (video chat)" with her. They planned that while B. D. and B.R. were talking on Facetime, B.S. and N. M. would walk through the door and push B. D. to the ground. They planned that they would use an "Airsoft" .177 Cal (4.5 mm) handgun and "shoot" B. D. B. D. then would not answer his phone for a while. They rehearsed the plan more than once.

15. At approximately 8:00 p.m., B. D., N. M., and B. S. initiated their plan. B. S. put on a paint ball mask with a skeleton print on the front and N. M. wrapped his face in clothing and grabbed the pellet gun. B. D. placed the video call to B. R. After about eight seconds, N. M. and B. S. pretended to force themselves into the room and push B. D. to the ground. B. S. grabbed the phone and put it at an angle so that B. R. could see B. D. on the ground with N. M. standing over him with the gun. B. S. yelled some random words while pretending to be Russian. N. M. then "shot" B. D. with the gun. B. S. then had the phone look at him with the mask on and then threw the phone on the ground.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

16. Immediately after the call, B. R. called and texted B. D., N. M. and B. S. to find out if B. D. was alright. B. R. called B. D. three or four times, but he did not answer. B. S. answered and when B. R. expressed her concern about B. D. stated, "Oh. .. . it's probably nothing, why would anybody go after B. S.?" B. S. felt B. R. was convinced that B. D. had been shot. N. M. replied to B. R.'s texts by stating he didn't know anything about it and accused B.R. of trying to play a prank on him.

17. B. R. told her father, Darren Reading, what happened. Darren told her that the teenage boys were probably just messing with her. B. R. told her father what she saw seemed very believable and that it did happen.

18. At approximately 9:00 p.m., B. R. advised B. S. and N. M. that she and her father were going to B. D.'s house to investigate.

19. At approximately 9:10 p.m., Darren Reading called 911 and reported that his daughter B. R. had been on Facetime on her cellphone with her friend B. D. Darren said B. R. had seen two masked men come into B. D.'s residence and push B. D. to the ground. Darren said B. R. saw a gun followed by "pop" sounds and men talking in a Russian type language. Darren said B. R. had been unable to get ahold of B. D. after that. Darren reported that he drove B. R. to the location and peered through a window. Darren saw a black male inside, who he believed did not live there. Darren said B. D.'s family is Caucasian.

20. At 9:12:38 p.m., Contra Costa County Sheriff's Department Dispatch broadcast "possible home invasion in progress." Dispatch broadcast that the reporting party's daughter was Facetiming with a 16 year old friend and saw masked men come in "and now can't get ahold of her friend."

21. Defendant CONTRA COSTA COUNTY SHERIFF'S SERGEANT ADAMS was the Sheriff's Office Patrol Supervisor that night. He responded to assist DEPUTIES NELSON, JACKSON and HENDERSON. Defendant ADAMS authorized a code 3 emergency response and requested assistance from the LAFAYETTE POLICE DEPARTMENT. A helicopter responded. LAFAYETTE POLICE SERGEANT NUGENT and LAFAYETTE POLICE OFFICERS IMHOFF and PARKER responded. The CONTRA COSTA COUNTY

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

SHERIFF'S DEPARTMENT J-TEAM, or SWAT Team, including DEPUTIES ROSSI, CONIGLIO, WRANGHAM AND KIRKHAM, responded. Defendant SAN RAMON POLICE DEPARTMENT K9 OFFICER BRUCE and his dog Bongo responded.

22. While the officers were en route, SHERIFF'S DEPARTMENT Dispatch updated the call. Dispatch broadcast that Darren said he knocked on the door of 1650 Glen Oak Court and no one answered. Darren went through a gate on the left side of the house to peek into a window and saw a black male adult wearing a beanie and a blue sweatshirt inside the residence. Darren stated that he believes the man does not belong there because B. D.'s family is Caucasian. Darren also said the front porch light was on and music was playing inside the house. Darren was waiting across the street from the residence in a Jeep.

23. At 9:22:55 p.m., Dispatch broadcast that 1650 Glen Oak Court was the residence of plaintiff MARCUS HURT, not a family with the same last name as B. D. Dispatch broadcast that MARCUS HURT'S driver's license indicated he was a Black male adult.

24. Plaintiffs MARCUS HURT and CARLY MAGNUS had lived at 1650 Glen Oak Court in Lafayette, California, for more than three years. That evening, plaintiff CREIGHTON HURT, MARCUS HURT'S brother, was visiting them. CREIGHTON HURT was helping MARCUS HURT hang some cabinets in an annex to the house. CARLY MAGNUS, who was pregnant with twins, was feeling unwell and was resting upstairs in bed.

25. When the first defendants arrived on scene, a senior officer spoke to B. R. and Darren Reading. DOE 3 asked Darren Reading if he was sure it was the right house, and Darren told him that he was not sure. He stated that neither he nor B. R. had ever been to B. D.'s address. Darren explained that B. R. had gotten the address from a friend who looked it up in a church directory. B. R. had entered the address into "Google maps" on her phone. B. R.'s phone announced "your destination is on your right" when they got to the corner house. Darren read the address off of the curb when he called the Sheriff's dispatch and advised dispatch of the location of the incident. When Darren told told DOE 3 this, there were only four defendants on scene. After this, at least six more officers showed up, a K-9 deployed and

a helicopter was flying around.

26. DEPUTIES KIRKHAM, NELSON and WRANGHAM and K-9 OFFICER BRUCE entered plaintiffs' fenced backyard. At 9:26:09 p.m., DOE 1 (call sign 1J22) broadcast that a second black male adult was "walking around normally" inside the home.

27. At 9:27:42 p.m., Dispatch found a landline phone number for 1650 Glen Oak Court using 411 and broadcast that the number was registered to a last name of HURT, not the same name as B. D. SERGEANT ADAMS had Dispatch call the number. Dispatch informed him that the phone number listed in 411 would just ring and did not go to voice mail.

28. Defendants saw two cars parked in the driveway of the house, a red minivan and a silver car. DEPUTY KIRKHAM read the license plates to Sheriff's Dispatch and the vehicles proved to be registered to MARCUS HURT and CREIGHTON HURT, not a family with the same last name as B. D.

29. At 9:28:11 p.m., DOE 2 (call sign 1J23) broadcast, "subjects are walking around casually." At 9:30:49 p.m., DOE 2 broadcast, "black male in the kitchen walking around casually." At 9:31:07 p.m., DOE 2 broadcast, "black male in kitchen eating."

30. At 9:32 p.m., B. R. texted B. S. a photograph of the police at Glen Oak Court. B. D., N. M. and B. S. had previously received texts and calls from B. R. and a friend named Sarah, who expressed concern for B. D. and told the boys that B. R.'s dad had called the police.

31. At 9:32:33 p.m., DOE 2 broadcast that a white female adult had "walked downstairs in a bathrobe."

32. At 9:32:50 p.m., DOE 4 (call sign 1Z11) broadcast that the reporting party "has never been there before" and that the address was obtained "via church directory."

33. At 9:34:41 p.m., SERGEANT ADAMS, SERGEANT NUGENT, and DEPUTIES IMHOFF, RHOE and ROSSI approached the front door. They stacked up near the front porch with their patrol rifles and side arms drawn and pointed toward the front door. Two J-Team deputies were standing on either side of the front door with their weapons at the ready position. DEPUTY LONDONO stood at the right front corner of the residence facing toward the side yard. K-9 Officer BRUCE and his dog, Bongo, were positioned in the front yard.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

34. At 9:35:30 p.m., DOE 2 broadcast, "black male adult who was in the kitchen moved to the back portion of the house and was still eating."

35. At 9:36 p.m., B. R. told DEPUTY JACKSON that she had just received a text from B. D. saying, "Sorry my friends grabbed me and took me to the movies. I am OK." DEPUTY JACKSON reports that he attempted to advise Dispatch that he had heard from B. D., but there was constant radio traffic and his transmissions were blocked until 9:38.18 p.m. DEPUTY JACKSON was within walking and shouting distance of the other officers and it is unclear why he chose not to contact them this way.

36. SERGEANT ADAMS began pounding on the door.

37. At 9:36:47 p.m., DOE 4 broadcast, "subjects moving towards the front door."

38. At 9:37:26 p.m., DOE 1 broadcast, "white female adult peeked her head out the garage window and went back inside the room."

39. At 9:37:43 p.m., DOE 1 broadcast that the second male was "jogging toward the front of the house."

40. Plaintiffs heard a helicopter flying overhead and a loud banging noise at the front door. They did not hear anyone identify themselves as a police officer. Plaintiffs were frightened that someone was trying to break into their house. CARLY MAGNUS told MARCUS HURT not to open the door. MARCUS HURT told CARLY MAGNUS to go upstairs and lock herself in her room. When CARLY MAGNUS went upstairs, she looked out the window, saw that there were deputies outside, and told MARCUS HURT it was the police at the door. CARLY MAGNUS went back down the stairs as MARCUS HURT approached the front door. MARCUS HURT was not convinced it was the police banging on his door. MARCUS HURT stopped in the foyer to listen, but did not hear anyone say it was the police. The door is very loose and it looked to MARCUS HURT as if whoever was banging on it was trying to force it open.

41. At that moment defendants pushed the door open, yelling and shouting at plaintiff MARCUS HURT to put his hands up and step out of his house. Defendants came into the house and pulled MARCUS HURT out as he was telling them, "this is my house and I live

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

here." Defendants ordered MARCUS HURT to get down on the ground. He did so. Seeing her on the stairs, defendants ordered plaintiff CARLY MAGNUS to get out of the house with her hands up. Defendants ordered her to kneel on the porch beside Marcus. She did so, frightened and crying. Defendants formed a semi-circle around plaintiffs, pointing their guns at them. The police dog strained at its leash, growling and threatening to bite plaintiffs.

42. Plaintiff CREIGHTON HURT ran to the front door when he heard yelling, believing plaintiffs were victims of a violent home invasion. Defendants ordered CREIGHTON HURT at gunpoint to put his hands up and come out of the house. CREIGHTON HURT raised his hands and began to step forward when defendant CONIGLIO and DOE defendants grabbed him and yanked him forward, then forced him facedown onto the ground. DOE 5 placed his knee in CREIGHTON HURT'S back and held him there.

43. MARCUS HURT yelled at defendants that CREIGHTON HURT was his brother and hadn't done anything. MARCUS HURT and CARLY HURT were worried because CREIGHTON HURT has heart and breathing issues. They were worried that he might have a heart attack or get shot.

44. Without consent, and without a search warrant, defendants ADAMS, ROSSI, CONIGLIO, RHOE, NUGENT and IMHOFF entered and searched plaintiffs' home.

45. At 9:39:50 p.m., DOE 1 broadcast, "house is clear."

46. After defendants seized plaintiffs and searched their home, SERGEANT ADAMS asked DEPUTY HENDERSON to verify B. D.'s address. DEPUTY HENDERSON asked B. R. for B. D.'s address and she looked it up in the church directory, which she had downloaded to her phone. B. R. said B. D.'s address was an address on Glen Oak Court, not 1650.

47. Plaintiff CARLY MAGNUS was pregnant and started having cramps and abdominal pains. She was transported to John Muir Walnut Creek by ambulance. While waiting for the ambulance to come, MARCUS HURT asked LT. HEBERT why this had happened. LT. HEBERT explained that it is CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT policy that whenever they get a report of a possible home invasion they will

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

enter the home without a warrant and use the amount of force that was used against plaintiffs.

48. At all times relevant to this complaint, the conduct of defendants was willful, reckless, and in callous disregard of plaintiff's rights under federal law.

## DAMAGES

49. As a proximate result of defendants' conduct, plaintiffs suffered physical injuries, pain, emotional distress, medical expenses, violation of their constitutional rights, and the loss of their sense of security, dignity, and pride as residents of the United States of America.

50. The conduct of defendants was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against the individually named defendants.

51. Plaintiffs found it necessary to engage the services of private counsel to vindicate their civil rights. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42, United States Code, section 1988.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. Section 1983**
**Unlawful Detention, Unlawful Arrest, Unlawful Search, Use of Excessive Force**
**(Against All Individually Named Defendants and Doe Defendants 1-49)**

52. Plaintiffs MARCUS HURT, CARLY MAGNUS and CREIGHTON HURT hereby incorporate herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

53. Defendants acted under color of law in unlawfully detaining, arresting, unlawfully searching, and using excessive force against plaintiffs, thereby depriving plaintiffs of certain constitutionally-protected rights including, but not limited to, the rights guaranteed by the Fourth Amendment to the United States Constitution.

54. As a proximate result of the conduct of defendants, plaintiffs suffered physical injuries, pain, emotional distress, medical expenses, violation of their constitutional rights, and the loss of their sense of security, dignity, and pride as residents of the United States of

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

America.

55. Defendants acted in reckless and callous disregard for the constitutional rights of plaintiffs and with willful oppression and malice. Plaintiffs therefore seek an award of punitive damages against these defendants.

WHEREFORE, plaintiffs pray for relief as set forth below.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. Section 1983**
**Municipal Liability**
**(Against Doe Defendants 50 through 75)**

56. Plaintiffs MARCUS HURT, CARLY MAGNUS and CREIGHTON HURT hereby incorporate herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

57. Defendants DOE 50 through 75 are the policy makers for the CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, the LAFAYETTE POLICE DEPARTMENT, and the SAN RAMON POLICE DEPARTMENT who, with deliberate indifference to plaintiffs' rights, developed and maintained policies, practices or customs that caused the violations of plaintiffs' constitutional rights.

58. These defendants caused the violation of plaintiffs' constitutional rights by failing to properly train, supervise and discipline CONTRA COSTA COUNTY SHERIFF'S DEPUTIES, LAFAYETTE POLICE OFFICERS, and SAN RAMON POLICE OFFICERS, including the defendant officers, in the legal requirements that must be met before officers may arrest people in their homes, enter homes without consent, or threaten to use deadly force against persons under color of law.

59. As a proximate result of the conduct of defendants, plaintiffs suffered physical injuries, pain, emotional distress, medical expenses, violation of their constitutional rights, and the loss of their sense of security, dignity, and pride as residents of the United States of America.

WHEREFORE, plaintiffs pray for relief as set forth below.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

## THIRD CLAIM FOR RELIEF
### Negligence
### (Against Defendants B. D., N. M., B. S.)

60. Plaintiffs MARCUS HURT, CARLY MAGNUS and CREIGHTON HURT hereby incorporate herein the preceding paragraphs of this complaint, to the extent relevant, as if fully set forth.

61. California Civil Code section 1714(a) provides in part: "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself."

62. B. D., N. M. and B. S. owed plaintiffs a duty of reasonable care. Their conduct on November 15, 2015, fell below the standard established by law for the protection of others against unreasonable risk of harm.

63. Plaintiffs were harmed thereby.

64. These defendants' conduct was a substantial factor in causing harm to plaintiffs.

WHEREFORE, plaintiffs pray for relief as follows:

1. For general damages, according to proof;

2. For special damages, according to proof;

3. For punitive damages against defendants ADAMS, CONIGLIO, HENDERSON, JACKSON, KIRKHAM, LONDONO, NELSON, RHOE, ROSSI, WRANGHAM, NUGENT, IMHOFF, PARKER AND BRUCE;

4. For attorneys' fees pursuant to 42 U.S.C. section 1988;

5. For costs of suit incurred herein; and

6. For such other and further relief as the court may deem just and proper.

\ \ \

\ \ \

\ \ \

\ \ \

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial in this action.

Dated: November 16, 2015

CASPER, MEADOWS, SCHWARTZ & COOK,

*/s/* - "Andrew C. Schwartz"
By: ANDREW C. SCHWARTZ
Attorneys for Plaintiff